BROWN, Judge,
dissenting from unpublished memorandum.
I must respectfully dissent from the majority’s decision to affirm the trial court’s suppression of Fletcher’s confession based on the police officer’s failure to advise him of his “juvenile Miranda” rights under Rule 11(B), Ala.R.Juv.P.
The majority, citing Young v. State, 730 So.2d 1251 (Ala.Cr.App.1998), and Anderson v. State, 729 So.2d 900 (Ala.Cr.App.1998), states:
“[T]he language of § 12-15-34.1, Ala. Code 1975, does not support the state’s contention that the rights granted to a child pursuant to Rule 11(B) are extinguished by the fact that a child who is alleged to have committed an offense enumerated in the statute shall be charged, arrested, and tried as an adult and automatically placed within the jurisdiction of the adult system. This Court further held that ‘[t]he language of § 12-15-34.1 does not divest the child of the protections afforded by Rule 11(B), and it does not change the statutory definition of “child.”’ Young v. State, supra.”
I dissented in Anderson and Young because I believe that the legislature’s intent in enacting § 12-15-34.1 was to withdraw all protections traditionally afforded to a “child” from those persons falling within the purview of the statute.
Section 12-15-34.1 provides, in pertinent part:
“(a) Notwithstanding any other provision of law, any person who has attained the age of 16 years at the time of the conduct charged, which if committed by an adult would constitute any of the following, shall not be subject to the jurisdiction of juvenile court but shall be charged, arrested, and tried as an adult:
(1) A capital offense.
“(2) A Class A felony.
“(3) A felony which has as an element thereof the use of a deadly weapon.
“(4) A felony which has as an element thereof the causing of death or serious physical injury.”
(Emphasis supplied.)
The language of the statute could not be clearer: anyone over 16 who commits any of the listed offenses is to be treated as an adult and is to be removed from the jurisdiction of the juvenile court. This language plainly says that a juvenile 16 or older who commit certain offenses is not a “child”' — that juvenile is to be treated as an adult. In my opinion, this Court’s holding in Anderson and Young that although the statute provides that the juvenile is to be treated as an adult the juvenile is not divested of the protections afforded by Rule 11(B), Ala.R.Juv.P., amounts to sophistry. That holding creates a new category of criminal defendant, one who is neither wholly a “child” nor entirely an “adult.” Certainly, this could not have been what the legislature intended when it enacted § 12-15-34.1.
Therefore, for the reasons set out in my previous dissents, I would reverse the circuit judge’s suppression of Fletcher’s confession and remand this case to the circuit court for trial.